UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ANN M. LENEAVE<br><br>Plaintiff,<br><br>-v-<br><br>ENHANCED RECOVERY COMPANY, LLC<br><br>Defendant. | CASE NO.: 3:20-cv-00074<br><br>JUDGE:<br><br>COMPLAINT<br>JURY TRIAL DEMANDED |

Plaintiff, Ann M. Leneave, for her Complaint against Enhanced Recovery Company, LLC ("Defendant"), states as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), stemming from Defendant's unlawful collection practices as described in this Complaint, *infra*.

JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Southern District of Indiana and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Southern District of Indiana.

PARTIES

4. Plaintiff, Ann M. Leneave ("Ms. Leneave"), is a natural adult person residing in Princeton, Indiana, and is a "consumer" as that term is defined and/or used within the FDCPA.

5. Defendant, Enhanced Recovery Company, LLC, is a Delaware limited liability company in the business of collecting consumer debts on behalf of others within the State of Indiana and throughout the United States. As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

6. In its communications to consumers, Defendant identifies itself as a "debt collector."

7. Defendant is registered with the Indiana Secretary of State bearing business ID number 2010082500179, and has been in business in Indiana since 2010.

8. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA.

9. Defendant acted through its agents, employees, members, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

FACTS SUPPORTING CAUSES OF ACTION

10. As Ms. Leneave was reviewing her credit reports, she discovered an entry bearing Defendant's name reporting a consumer debt originally owed to *Charter Communications* in an active collection status (the "Subject Debt"). Relevant pages from Ms. Leneave's Experian credit report, dated April 12, 2019, are attached to this Complaint as Exhibit A.

11. Ms. Leneave also discovered that Defendant had updated its furnishing of the Subject Debt to Experian as recently as April 7, 2019. *See* Exhibit A.

12. On or around April 12, 2019, Ms. Leneave accessed Defendant's website to ascertain additional information concerning the collection account appearing her credit report and the debt

Defendant was attempting to collect from her. A screenshot of Defendant's webpage accessed by Ms. Leneave is attached to this Complaint as Exhibit B (the "Payment Portal").

13. During Ms. Leneave's access to the Payment Portal, Defendant identified itself to Ms. Leneave as a "debt collector" attempting to collect upon a "debt." *See* Exhibit B.

14. During Ms. Leneave's access to the Payment Portal, Defendant represented that the original creditor of the Subject Debt was *Time Warner Cable*. *See* Exhibit B.

15. Defendant attempted to collect the Subject Debt from Ms. Leneave during her accessing of the Payment Portal, including stating, *inter alia*: (i) "Find the option that's right for you"; (ii) "Pay balance in Full if you can"; (iii) "Contribute towards your balance if cannot pay in full"; (iv) "Pay off your debt in one payment or over affordable monthly installments."; and (v) "This is an attempt to collect a debt. Any information obtained will be used for that purpose." *See* Exhibit B.

16. During Ms. Leneave's access to the Payment Portal, Defendant also represented to Ms. Leneave that it was entitled to collect a "Convenience Fee" from her in the amount of $9.95 if she chose to make a payment on the Subject Debt via the Payment Portal (the "Convenience Fee").

17. The Convenience Fee is not expressly authorized pursuant to any underlying contract between Ms. Leneave and *Charter Communications* and/or *Time Warner Cable*.

18. After a reasonable time to conduct discovery, Ms. Leneave believes she can prove that all actions taken by Defendant as described in this Complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

## DAMAGES

19. In conjunction with Defendant's adverse credit reporting concerning the Subject Debt, Plaintiff was misled by Defendant during her access to the Payment Portal.

20. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use unlawful methods and/or means in its attempts to collect the Subject Debt from her.

21. As a result of Defendant's conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this claim.

22. As a result of Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described in this Complaint.

## GROUNDS FOR RELIEF

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
*15 U.S.C. §§ 1692e, e(2)(A), e(5), e(10), f and f(1)*

23. All prior paragraphs are incorporated into this count by reference.

24. The FDCPA states, in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (5) The threat to take any action that cannot legally be taken or that is not intended to be taken; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C. §§ 1692e, e(2)(A), e(5) and e(10).
>
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. §§ 1692f and f(1).

25. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(5), e(10), f and f(1) by representing to Plaintiff that she would be charged the Convenience Fee if she chose to pay the Subject Debt via the Payment Portal. Defendant's charging of the Convenience Fee is not authorized per contract,

statute or otherwise and, therefore, Defendant was not legally entitled to collect it from Plaintiff. For Defendant to represent otherwise to Plaintiff, as reflected in the Payment Portal, constitutes a false, deceptive and/or misleading representation to the extent it stated and/or implied that Defendant could legally collect such monies from Plaintiff.

26. As set forth in paragraphs 19 through 22, *supra*, Plaintiff has been harmed as a result of Defendant's unlawful collection practices as described in this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Ann M. Leneave, respectfully requests that this Court enter judgment in her favor as follows:

a) Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

b) Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

c) Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3); and

d) Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 27th day of March, 2020.   Respectfully Submitted,

    */s/ Geoff B. McCarrell*
Geoff B. McCarrell #0086427
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
geoff.m@consumerlawpartners.com

*Attorneys for Plaintiff, Ann M. Leneave*

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

                                        */s/ Geoff B. McCarrell*
                                        Geoff B. McCarrell #0086427
                                        CONSUMER LAW PARTNERS, LLC